**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00711-DDD-STV

TOWN OF SUPERIOR, a municipal corporation of the State of Colorado; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER, COLORADO, a County government in the State of Colorado,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, COLORADO, as successors in interest to the Jefferson County Airport Authority; and DR. STEPHANIE CORBO in her official capacity as acting Airport Director of the Rocky Mountain Metropolitan Airport,

    Defendants.

---

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND [ECF #21]
### Opposition Filed on April 30, 2024 [ECF #23]

    As set forth in Plaintiffs' Motion to Remand (ECF #21, "Motion"), this Court should remand this action and award Plaintiffs their costs and fees.

    By conceding that removal is not proper under the well-pleaded complaint rule (ECF #23, "Opposition"), Defendants acknowledge that Plaintiffs' claim does not facially "arise under" federal law. In their Opposition, Defendants also concede that removal is not proper under the Clean Air Act, the Air Carrier Access Act, or purported policy issues related to pilot training. Instead, Defendants argue only that removal is proper under the well pleaded complaint rule's two "exceedingly narrow" exceptions. But Defendants fail to address material aspects of these exceptions and, in any event, neither exception provides this Court with jurisdiction.

1

# ARGUMENT

Defendants confuse the distinction between preemption as a basis for removal—which does not exist here—and preemption as a defense—which Defendants can raise as they wish. The former is dictated exclusively by reference to Plaintiffs' claim; the latter can be resolved in state court. This distinction is fundamental to establishing the limits of removal jurisdiction and is necessitated by the tenet that a plaintiff is "master of its complaint."

## I. Plaintiffs' Claim Is Not Completely Preempted

Defendants argue that Plaintiffs' claim is "completely preempted" by: (1) the Airport and Airway Improvement Act, 49 U.S.C. § 47101 ("AAIA"), including the Grant Assurances; and (2) the Airport Noise and Capacity Act of 1990, 49 U.S.C. § 47521 ("ANCA").[1]  (Opposition at 10.)  But Defendants fail to contest several arguments raised in Plaintiffs' Motion and fail to address material aspects of the "complete preemption" doctrine.  Defendants have failed to satisfy their burden.

### A. No Court Has Ever Found Complete Preemption Under the AAIA or ANCA

Complete preemption has been found under just four statutes, none of which are implicated here. (Motion at 5.)  Defendants' failure to identify any cases holding that the AAIA or ANCA completely preempt a state law claim is both unsurprising and dispositive.

Rather than point to poignant examples, Defendants invite this Court to ignore the requisite "strict[] constru[ction]" of "statutes conferring jurisdiction." *Suncor*, 25 F.4th at 1250.

---

[1] Defendants argue that ANCA applies to piston-engine aircraft. (Opposition at 13.) But Defendants previously acknowledged that ANCA applies to only jets. (ECF #1 ("Notice") at 9; ECF #17 at 6.)  Regardless, ANCA expressly does not apply to "nonstage," piston-engine aircraft. (Motion at 7, 11.)

However, it would waste judicial *and* party resources to litigate in federal court absent certainty that subject-matter jurisdiction is proper. It is for this very reason that any "doubt" is "resolved against federal jurisdiction." *See id*. Defendants offer no reason to upset this reasoned approach.

Moreover, courts uniformly find that complete preemption does *not* apply under the AAIA or ANCA. (Motion at 6-7.) Defendants do not suggest that these cases are cited out of context, no longer good law, or otherwise inapplicable. Defendants also fail to provide counterarguments, citations to cases finding the opposite, or reasons to treat this case differently.

B.  Defendants Fail To Provide A "Substitute" Federal Cause of Action

Defendants ask this Court to enter uncharted territory and find, for the first time, that the AAIA and/or ANCA completely preempt a state law claim. To do so, Defendants must show *inter alia* that "federal law provides its own cause of action," *Suncor*, 25 F.4th at 1256, for which Plaintiffs' claim can be "substituted," (Notice at 20; Opposition at 11). Yet Defendants cannot, and do not event attempt to, identify a "federal cause of action" to "substitute" for Plaintiffs' claim. And it "is undisputed that ANCA [] and the Grant Assurances do not supply a private right of action." *Delux Pub. Charter, LLC v. Cnty. of Orange*, 2022 WL 3574442, at *11 (C.D. Cal. July 29, 2022). Under Defendants' own argument, complete preemption does not exist. (Opposition at 11 (citing 14C Fed. Prac. & Proc. Juris. § 3722.2 (Rev. 4th ed.)).)

C.  Plaintiffs' Claim Is Consistent With Grant Assurance 22

Defendants next argue that Plaintiffs "disregard the fact that airports like RMMA are exposed to Part 16 sanctions for violating the AAIA and Grant Assurance 22 if the airport unjustly discriminates against a type of aircraft in the imposition of noise controls." (Opposition at 13.) This is a preemption defense, not a basis for removal. Moreover, any voluntary

3

undertaking by Defendants—including obligations assumed in connection with federal handouts—cannot shield a party from nuisance liability.  (ECF #24, "Response," at II(C), (D), (E).)[2]  And finally, Plaintiffs' claim does not entail "unjust discrimination":  the restriction would apply to all piston-engine operators equally.

### D. State Courts Routinely Resolve Nuisance Claims Against Airport Proprietors

Defendants ignore that state courts routinely resolve public nuisance claims against airport proprietors.  (Motion at 5.)[3]  In these cases, the airport at issue was subject to the same AAIA and ANCA obligations as the Airport.  (*Id.*)  Defendants offer no explanation regarding why these nuisance claims were resolved in state court—and in some cases remanded due to an improper removal—nor do Defendants attempt to distinguish their purported federal obligations from those present at, *e.g.*, Seattle-Tacoma International Airport, *Bearse v. Port of Seattle*, 2009 WL 3066675, at *4 (W.D. Wash. Sept. 22, 2009) (remanding nuisance claim), or Louisville International Airport, *Denzik v. Regional Airport Authority of Louisville & Jefferson County*, 361 F. Supp. 2d 659 (W.D. Ky. 2005) (same).  Defendants ask this Court to find that *all* other courts to consider the matter have erred without providing any explanation for such an unlikely result.

### E. *City of Burbank* Expressly Preserves Plaintiffs' Claim

Defendants argue that *City of Burbank v. Lockheed Air Terminal*, 411 U.S. 624 (1973), supports complete preemption.  (Opposition at 11.)  But in *Burbank*, the Supreme Court

---

[2] This defense is irrelevant for purposes of removal.  Regardless, both the FAA and courts have made clear that Defendants can abate the continuing nuisance consistent with federal law.  (Response at II(C), (D), and (E).)  And the non-exhaustive list of nearly 40 airports that have imposed restrictions or prohibitions on touch-and-goes—all of which are subject to the same federal obligations as the Airport—speaks for itself.  (ECF #24-1 at 2-3.)

[3] *See also* Response at II(C).

expressly did "not consider [] what limits, if any, apply to a municipality as a proprietor" of an airport. 411 U.S. at 636 n.14. The *Burbank* Court explained that "[a]irport owners *acting as proprietors* can presently deny the use of their airports to aircraft on the basis of noise considerations so long as such exclusion is nondiscriminatory." *Id*.

The *Burbank* Court's distinction between powers of an airport proprietor and municipal police powers is codified in the Airline Deregulation Act ("ADA"). There, Congress expressly "preempted" any municipality's exercise of police powers (*e.g.*, curfews) that impacted the "rates, routes, or services" of an air carrier. 49 U.S.C. § 41713(b)(1). But Congress reserved an airport proprietor's right to "carry[] out its proprietary powers and rights." *Id*. § 41713(b)(3). Courts uniformly find that this "proprietor exception" preserves an airport proprietor's—like Defendants—right to control aircraft noise stemming from its airport.[4] *Alaska Airlines, Inc. v. City of Long Beach*, 951 F.2d 977, 982 (9th Cir. 1991) (citing *Burbank* and holding that an airport proprietor's "authority to control airport noise is not preempted by federal law"); *City of Tipp City v. City of Dayton*, 204 F.R.D. 388, 393 (S.D. Ohio 2001) ("[I]in enacting the ADA, Congress maintained the ability of government airport operators to institute restrictions on noise at its airport.").

*Burbank* supports Plaintiffs, not Defendants.

### F. *Krueger* Is Inapposite

Defendants' reliance on *Krueger v. Mitchell*, 332 N.W.2d 733 (Wis. 1983), is curious. (Opposition at 11.) In *Krueger*, the **Wisconsin Supreme Court** resolved a public nuisance case against an airport proprietor. True, the *Krueger* court's distinction between monetary and

---

[4] Airport proprietors cannot, however, restrict jets due to ANCA. That is of no moment here.

equitable relief is incorrect and has never been followed by another court. (Response at II(E).) But a *state court* made this error thus refuting Defendants' argument.

Moreover, *Krueger* has no bearing on "complete preemption" under the AAIA or ANCA as neither statute is mentioned or analyzed in that case (indeed, ANCA was enacted *after* the decision was issued).

### G. *Illig* Is Irrelevant

Defendants do not explain their reliance on *Illig v. Union Electric Company*, 334 F. Supp. 2d 1151 (E.D. Mo. 2004). (Opposition at 12.) In *Illig*, the court does not mention, much less analyze, "complete preemption," and the case does not concern ANCA, AAIA, or airports. *Illig* is irrelevant.[5]

\* \* \* \* \*

Jurisdiction due to complete preemption does not exist.

## II. *Grable* Jurisdiction Does Not Exist

### A. A Federal Issue Is Not "Necessarily" Raised

Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), removal is improper unless *Plaintiffs* make a federal issue an "essential element" of their claim. *Suncor*, 25 F.4th at 1266-67. The presence of a federal defense is irrelevant. *Id*. Defendants conclude without explanation that "whether [Defendants] can ban all

---

[5] Notably, in *Illig*, the "plaintiffs state[d] on the face of their complaint that [defendant's] claim to use their property was derived from the [National Trail System Act, 16 U.S.C. § 1241, *et seq*]." *Illig*, 334 F. Supp. 2d. at 1154. *Illig* is thus a paradigmatic application of *Grable* jurisdiction—not complete preemption—and it is materially distinguishable from the present case where federal law does not appear "on the face of plaintiff's complaint."

6

piston-engine touch-and-go flights without violating the AAIA and Grant Assurances 22 and 23 is an essential element of Plaintiffs' claim." (Opposition at 6.) Not so.

Here, Plaintiffs will prevail on their public nuisance claim by demonstrating that Defendants' conduct unreasonably injures Plaintiffs' residents. This will require an examination of noise and pollution levels stemming from the Airport in the context of determining what is "reasonable" in Plaintiffs' community. This will not, however, require Plaintiffs to discuss any federal issues (unless and until so raised as a defense). *See Suncor*, 25 F.4th at 1267 (finding that a municipality can prevail on a public-nuisance claim "without proving any issue of federal law because [the claim] does not depend on any federal policy or regulation."). Defendants do not explain why this Court should diverge from *Suncor*.

Cases heralded by Defendants underscore the point. In *Tipp City*, plaintiffs' complaint—not a defense—turned on whether "FAA regulations" were "implemented and, consequently, whether [defendant] is acting in accordance with [them]." 204 F.R.D. at 395. Similarly, in *Illig*, "the face of [plaintiffs'] complaint" challenged the federal Trails Act. *Supra* at I(G). The same is true for *Grable*, 545 U.S. at 313, where plaintiff's complaint challenged interpretation of 26 U.S.C. § 6335(a), a federal statute governing IRS notification standards, and *Gunn v. Minton*, 568 U.S. 251, 259 (2013), where *plaintiff* challenged the "experimental-use exception" under federal patent law. In each case, plaintiff, not defendant, made federal law a "central point of dispute." *Id*.

Here, Plaintiffs' complaint does not require interpretation of any federal law or regulation. Instead, if "federal issues are raised, it will be by the [Defendants] as potential defenses, which cannot create a basis for removal." *See Suncor*, 25 F.4th at 1267.

7

### B. A Federal Issue Is Not Actually Disputed

Defendants argue that "the meaning of Grant Assurances 22 and 23 is in dispute because Plaintiffs maintain that [Defendants are] free to prohibit piston-engine touch-and-go flights while the County (correctly) contends otherwise." (Opposition at 6.) This argument fails for at least two reasons.

*First*, Plaintiffs' claim does not turn on "the meaning of Grant Assurances 22 and 23" and thus those obligations are necessarily *not* in dispute. *Supra* at II(A). The only reason any Grant Assurance (or the AAIA or ANCA) will be discussed in this case is due to a defense raised by Defendants. This is not sufficient for jurisdiction to attach. As such, Defendants' purported "well-grounded" concern that they will violate Grant Assurance 22 is irrelevant for purposes of removal. (Opposition at 6.) And in any event, the decisions cited by Defendants are materially different than the present case as they concern an airport sponsor's:

- "unjustified" ban of skydiving operations, *Skydive Sacramento v. City of Lincoln*, 2011 WL 13220352 (FAA May 4, 2011)[6];

- establishment of an on-airport-fueling monopoly, *Boston Air Charter v. Norwood Airport*, 2008 WL 4186034 (FAA Aug. 14, 2008);

- decision to "impos[e] unreasonable requirements not equitably applied to other similar users," *Timberview Helicopters, Inc. v. Okaloosa Cnty*, 2023 WL 2239104 (FAA Feb. 21, 2023); and

- decision to enact an ordinance prohibiting "pure turbo-jet aircraft" from using a regional airport, *Palm Beach Cnty. v. FAA*, 53 F.4th 1318, 1320 (11th Cir. 2022).

What's more, Defendants' unabashed reliance on *AOPA v. City of Pompano Beach*, 2005 WL 3722717 (FAA Dec. 15, 2005), is especially misplaced given that the FAA found that the

---

[6] Defendants' reference to *Skydive Sacramento* is perplexing given that Defendants themselves prohibit skydiving operations at the Airport.

airport at issue in that case was "***not obligated under any airport development grant agreements*** with the federal government." *Id*. at *2 (emphasis added). Instead, *AOPA* concerned violations of "quitclaim deeds [from 1947 and 1948] executed under [the] Surplus Property Act of 1944." *Id*. *AOPA* is irrelevant.

*Second*, although not pertinent to removal, Defendants can abate the nuisance consistent with the Grant Assurances. (*See* Response at II(D).) The FAA has ensured that the "meaning" of these Grant Assurances is not in dispute. *See* FAA Order 5190.6B. Moreover, Defendants argue they cannot "unilaterally" impose restrictions based on "safety," (Opposition at 4, 8), but they make no such argument as it relates to restrictions based on noise. Regardless, restrictions, so long as they are "justified," are expressly authorized by the FAA. (Response at II(C).)

### C. A Federal Issue is Not Substantial

Defendants claim that the "AAIA and Grant Assurance obligations" create a "substantial" federal issue. (Opposition at 7.) The "substantiality inquiry under *Grable* looks [] to the importance of the issue to the federal system as a whole," *Gunn*, 568 U.S. at 259, and is not present unless the "substantial" federal issue requires "the advantages thought to be inherent in a federal forum," *Grable*, 545 U.S. at 313.[7]

Here, state courts regularly resolve nuisance cases against airport proprietors. (*Supra* I(D).) The only contested issue here is whether Defendants' conduct at the Airport causes unreasonable injury to Plaintiffs and their residents. Because Plaintiffs' "claim does not present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases, but rather is fact-bound and situation-specific," *Grable* jurisdiction is

---

[7] Some courts assess whether federal law provides a private cause of action. *Gunn*, 568 U.S. at 259. No federal cause of action exists for Plaintiffs' claim.

9

"inappropriate." *See Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947-48 (10th Cir. 2014). Indeed, Defendants do not refute that Plaintiffs' claim is "fact-bound and situation-specific" due to myriad factual issues specific to the Airport. (Motion at 10.) This case thus will not "have controlling effect across the federal system regarding" the issue presented and no substantial interest is implicated. *Suncor*, 25 F.4th at 1268. And the "advantages thought to be inherent in a federal forum," *Grable*, 545 U.S. at 313, are not implicated due to the local interests raised by a municipality's effort to protect its residents from a public nuisance, *Suncor*, 25 F.4th at 1267.

### D. Federalism Favors Remand

Defendants do not address this factor beyond concluding that removal will not "disrupt[] any federal-state balance approved by Congress." (Opposition at 9.) This teleological statement carries no weight. Regardless, because public-nuisance claims are an exercise of a municipality's police powers to protect the public, such claims are uniquely suited to state court. (Motion at II(B)(iv).)

\* \* \* \* \*

*Grable* jurisdiction does not exist.

### III. Plaintiffs Should Be Awarded Costs and Fees

Defendants' Notice and Opposition are devoid of any viable basis for removal jurisdiction. No federal action to "substitute" for Plaintiffs' claim is identified, *Grable's* requirement to identify the federal issue in Plaintiffs' complaint is not addressed, and no analogous cases upholding removal are cited. Awarding costs and fees is appropriate.

## CONCLUSION

This Court should remand this case and award Plaintiffs their costs, expenses, and fees.

DATED this 14th day of May, 2024.

                                      Respectfully submitted,

                                      /s/ Andrew Barr
                                      Andrew Barr (49644)
                                      John A. Wharton (47776)
                                      Lindsay Aherne (48391)
                                      GREENBERG TRAURIG, LLP
                                      1144 15th Street, Suite 3300
                                      Denver, CO  80202
                                      Andrew.Barr@gtlaw.com
                                      WhartonJ@gtlaw.com
                                      AherneL@gtlaw.com

                                      *Counsel for Plaintiffs*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) and contains 2,694 words.

                                      /s/ Andrew Barr

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2024, a true and correct copy of the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the following:

Nathaniel T. Vasquez
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303-376-8424
nathaniel.vasquez@stinson.com

Milton Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave N.W., Suite 700
Washington, DC 20006
Phone: 202-728-3005
roy.goldberg@stinson.com

*Counsel for Defendants Board of County Commissioners of the County of Jefferson, Colorado, and Dr. Stephanie Corbo, acting Airport Director of the Rocky Mountain Metropolitan Airport*

　　　　　　　　　　　　　　　　　　　/s/*Andrew D. Barr*